UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LaTawnya COWAN,

Plaintiff,

v.

CA DEPT. OF SOCIAL SERVICES, et al.,

Defendants.

Case No.: 25-cv-0342-AGS-JLB

**ORDER DISMISSING AMENDED COMPLAINT (ECF 5) AND DENYING MOTION TO APPOINT COUNSEL (ECF 6)**

Because plaintiff LaTawnya Cowan is proceeding *in forma pauperis*, the Court must screen her amended complaint and dismiss it if, among other things, it "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). In other words, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Cowan seeks "$25 million" and other unspecified damages from several California state and county agencies for allegedly refusing to provide her with "accom[m]odations." (ECF 5, at 2.) But her complaint includes only "labels and conclusions," and none of her allegations "raise [her] right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For example, she alleges that the defendants have been "[r]efusing" her "public accom[m]odations" and preventing her ability to "have full participation or equal access to" "services" such as "employment" and "housing," in addition to some child "custody" and "foster care" issues. (ECF 5, at 2.) As for her child-custody allegations, those claims must be brought in state court, rather than federal court, because federal courts do not have the "power to issue divorce, alimony, and child custody decrees." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118

1

(2014). As for her other claims, they are doomed by the absence of facts in support of her conclusory allegations. Which accommodations are at issue? Which agency precluded her access? Did she properly request the accommodations? And if the requests were refused, what was the allegedly improper basis for refusal? Without allegations in the complaint that answer such questions, the Court is unable to discern which legal wrongs Cowan is alleging. So, the claims cannot survive screening, and her complaint is **DISMISSED**. But the Court will give her another opportunity to file an amended complaint by **March 20, 2026**. If she does not file one by then, the Court will dismiss this entire action.

Cowan also asks the Court to appoint counsel for her. The Court may do so for "an indigent civil litigant," but "only in 'exceptional circumstances.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see* 28 U.S.C. § 1915(d). But it appears she may already have the assistance of an attorney for potentially similar or identical claims. According to her declaration, she currently has an attorney "[a]ppointed by San Diego county and [who is] getting paid to represent plaintiff" in what seems to be a different and potentially related matter. (ECF 6, at 3.) The Court could not find a matter involving this plaintiff in the public state-court search database. But in response to the form question asking "[w]hy" her "attorney was not employed to handle [this] claim," Cowan asserts it's because he "refuses to file [a] motion for Unruh compliance." (*Id.*) Regardless of the validity of this disagreement, the assistance of counsel in a potentially related matter seems to undercut any "exceptional" need for an appointed attorney in this case. After all, it is Cowan's burden to show exceptional circumstances. So, the appointment request is **DENIED without prejudice**. Should Cowan choose to file an amended complaint, she may also file an updated attorney-appointment request by **March 20, 2026**. If so, she must specify whether or not her current attorney is representing her for the issues in this case.

Dated:  February 11, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

25-cv-0342-AGS-DDL